## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| CARLA GLESS, Individually and for Others Similarly Situated<br><br>v.<br><br>UNIVERSITY HOSPITALS HEALTH SYSTEM, INC. | **Case No. 1:23-cv-875**<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Carla Gless ("Gless") brings this class and collective action to recover unpaid wages and other damages from University Hospitals Health System, Inc. ("UHHS").

2.     Gless worked for UHHS as an Anesthesia Technician at UHHS facilities in Ohio.

3.     Like the Putative Class Members (as defined below), Gless regularly worked more than 40 hours in a workweek.

4.     But UHHS does not pay them for all the hours they work.

5.     Instead, UHHS automatically deducts 30 minutes a day from these employees' work time for so-called meal breaks.

6.     Gless and the Putative Class Members are thus not paid for that time.

7.     But UHHS fails to provide Gless and the Putative Class Members with *bona fide* meal breaks.

8.     Instead, UHHS requires Gless and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions, including during their unpaid "meal breaks."

9.     UHHS's auto-deduction policy violates the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.* ("OMWA"), and the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA") by depriving Gless and the Putative Class Members of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

## JURISDICTION & VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11.     The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

12.     This Court has personal jurisdiction over UHHS because UHHS is a domestic corporation that maintains its headquarters in Cleveland, Ohio.

13.     Venue is proper because UHHS maintains its headquarters in Cleveland, Ohio, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

14.     Gless worked for UHHS as an Anesthesia Technician at UHHS in Ravenna, Ohio from approximately October 1986 until October 2022.

15.     Throughout her employment, UHHS classified Gless as non-exempt and paid her on an hourly basis.

16.     But UHHS subjected Gless to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

17.     Gless's written consent is attached as **Exhibit 1**.

18.     Gless brings this action on behalf of herself and other similarly situated hourly, non-exempt UHHS employees who were subject to UHHS's automatic meal break deduction policy.

19.     UHHS automatically deducts 30 minutes/shift from each of these employees' recorded work time for so-called "meal breaks."

20.     But UHHS uniformly requires these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

21.     Thus, UHHS uniformly deprives these employees of wages (including overtime compensation) for all hours worked, including those in excess of 40 hours in a workweek, in violation of the FLSA, OMWA and OPPA.

22.     The FLSA Collective of similarly situated employees is defined as:

> **All hourly, non-exempt UHHS employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").**

23.     Gless also seeks to represent such a class under the OMWA and OPPA pursuant to FED. R. CIV. P. 23.

24.     The Ohio Class of similarly situated employees is defined as:

> **All hourly, non-exempt UHHS employees who received an automatic meal period deduction while working in Ohio at any time during the past 2 years ("Ohio Class Members" or "Ohio Class").**

25.     The FLSA Collective Members and Ohio Class Members are collectively referred to as the "Putative Class Members" or "Putative Class."

26.     UHHS is an Ohio not-for-profit corporation that maintains its headquarters in Cleveland, Ohio.

27.     UHHS may be served with process by serving its registered agent: **ACFB Incorporated, 200 Public Square, Suite 2300, Cleveland, Ohio 44114**.

### COVERAGE UNDER THE FLSA

28.     At all relevant times, UHHS was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29.     At all relevant times, UHHS, as a hospital network and institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

30.     At all relevant times, UHHS was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(B) of the FLSA, 29 U.S.C. § 203(s)(1)(B), because UHHS, as a hospital network, is engaged in the operation of a hospital and an institution primarily engaged in providing healthcare services.

31.     At all relevant times, UHHS has had an annual gross volume of sales made, or business done, of not less than $500,000 each year.

32.     At all relevant times, UHHS has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as medical tools, personal protective equipment, computers, and cell phones.

33.     At all relevant times, Gless and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce.

34.     UHHS uniformly deducted 30 minutes/shift from Gless and the FLSA Collective Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

35.     As a result, UHHS failed to pay Gless and the FLSA Collective Members for this compensable work, including overtime wages, in violation of the FLSA.

36.     UHHS's automatic meal break deduction policy, which deprives Gless and the FLSA Collective Members of overtime compensation for all overtime hours worked during the weeks in which these employees work over 40 hours, is a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

**THE FACTS**

37.     UHHS provides healthcare "through an integrated network of 21 hospitals…, more than 50 health centers and outpatient facilities, and over 200 physician offices in 16 counties throughout norther Ohio."[1]

38.     UHHS employs patient care workers, including Gless and the Putative Class Members, to work in its various healthcare facilities.

39.     UHHS uniformly classifies these employees as non-exempt from overtime compensation and pays them on an hourly basis.

40.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

41.     For example, Gless worked for UHHS as an Anesthesia Technician in Ravenna, Ohio from approximately October 1986 until October 2022.

42.     As an Anesthesia Technician, Gless's primary responsibilities include to assist doctors and other patient care staff with providing healthcare services to UHHS patients by ensuring

---

[1] https://www.uhhospitals.org/about-uh (last visited April 26, 2023).

anesthesia staff needs were met, setting up ventilators, stocking supply carts, managing inventory, checking labor and delivery units, and completing stock audits.

43.     Throughout her employment, UHHS classified Gless as non-exempt and paid her on an hourly basis.

44.     Throughout her employment, UHHS subjected Gless to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

45.     Gless and the Putative Class Members performed their jobs under UHHS's supervision, and using materials, equipment, and technology approved and supplied by UHHS.

46.     UHHS requires Gless and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

47.     At the end of each pay period, Gless and the Putative Class Members received wages from UHHS that were determined by common systems and methods that UHHS selected and controlled.

48.     UHHS requires its hourly, non-exempt employees, including Gless and the Putative Class Members, to record their hours worked using UHHS's timeclock system.

49.     Further, UHHS subjects its hourly, non-exempt employees, including Gless and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

50.     Specifically, UHHS automatically deducts 30 minutes from Gless's and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

- 6 -

51.     But UHHS fails to provide Gless and the Putative Class Members with *bona fide* meal periods.

52.     Instead, UHHS requires Gless and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

53.     This unpaid time is compensable under the FLSA, OMWA, and OPPA because UHHS knew, or should have known, that (1) Gless and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 20 consecutive minutes.

54.     The unpaid time is also compensable under the OPPA because UHHS agreed to pay Gless and the Ohio Class Members an hourly rate of pay for all time they worked, and UHHS failed to pay Gless and the Ohio Class Members all their earned wages.

55.     UHHS failed to exercise its duty to ensure Gless and the Putative Class Members were not performing work that UHHS did not want performed during their unpaid "meal breaks."

56.     Despite accepting the benefits, UHHS did not pay Gless and the Putative Class Members for the compensable work they performed during their "meal breaks."

57.     Thus, under UHHS's uniform automatic meal break deduction policy, Gless and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they work in excess of 40 hours in violation of the FLSA, OMWA, and OPPA.

58.     Likewise, under UHHS's uniform automatic meal break deduction policy, Gless and the Ohio Class Members are denied "straight time" pay for those on-duty "meal breaks" in workweeks in which they work fewer than 40 hours in violation of the OPPA.

59.     UHHS also subjects Gless and the Putative Class Members to its uniform policy of automatically rounding these employees' recorded time punches to the nearest 15-minute increment.

60.     UHHS's uniform rounding policy violates the FLSA, OMWA, and OPPA by depriving Gless and the Putative Class Members of overtime pay for all overtime hours worked because UHHS fails to include all work time in these employees' total hours worked.

61.     Likewise, UHHS's uniform rounding policy violates the OPPA by depriving Gless and the Ohio Class Members of "straight time" pay for all hours worked up to 40 hours in a workweek because UHHS fails to include all work time in these employees' total hours worked.

62.     UHHS knows Gless and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because UHHS expects and requires these employees to do so.

63.     But UHHS does not pay Gless and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA, OMWA, and/or OPPA.

64.     Gless worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

65.     Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

66.     Indeed, UHHS typically schedules Gless and the Putative Class Members to work 8- to 10-hour shifts for up to 6 days a workweek.

67.     And Gless and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and responsibilities.

68. As a result, Gless and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

69. When Gless and the Putative Class Members worked more than 40 hours in a workweek, UHHS did not pay them overtime wages at 1.5 times their regular hourly rate for all overtime hours worked because UHHS failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

70. Likewise, when Gless and the Ohio Class Members worked fewer than 40 hours in a workweek, UHHS did not pay them "straight time" pay (at their agreed hourly rates) for all hours worked because UHHS failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

71. UHHS knew, or should have known, it was subject to the FLSA and OMWA, including their respective overtime provisions.

72. UHHS knew, or should have known, the FLSA and OMWA require it to pay employees, including Gless and the Putative Class Members, overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

73. UHHS knew, or should have known, the OPPA requires it to pay employees, including Gless and the Ohio Class Members, all wages earned, for all hours worked, at the rates UHHS agreed to pay them.

74. UHHS knew, or should have known, Gless and the Putative Class Members worked more than 40 hours in a workweek.

75. UHHS knew, or should have known, Gless and the Putative Class Members regularly worked during their unpaid meal breaks because UHHS expected and required them to do so.

76.     UHHS knowingly, willfully, and/or in reckless disregard carried out these illegal policies that deprived Gless and the Putative Class Members of pay, including overtime compensation, for all hours worked in violation of the FLSA, OMWA, and/or OPPA.

77.     Nonetheless, UHHS failed to pay Gless and the Putative Class Members wages, including overtime compensation, for all hours these employees worked, including those worked in excess of 40 hours in a workweek.

78.     Likewise, UHHS failed to pay Gless and the Ohio Class Members all their wages earned at the rates UHHS agreed to pay them for the work they performed for UHHS.

79.     UHHS's failure to pay Gless and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

80.     Likewise, UHHS's failure to pay Gless and the Ohio Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

81.     Gless brings her claims as a class and collective action under § 216(b) of the FLSA and FED. R. CIV. P. 23.

82.     The Putative Class Members were uniformly victimized by UHHS's automatic meal break deduction policy, which is in willful violation of the FLSA, OMWA, and/or OPPA.

83.     Other Putative Class Members worked with Gless and indicated they were paid in the same manner, performed similar work, and were subject to UHHS's same illegal pay policies.

84.     Based on her experiences with UHHS, Gless is aware UHHS's illegal practices were imposed on the Putative Class Members.

85.     The Putative Class Members are similarly situated in all relevant respects.

86.     Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

87.     Therefore, the specific job titles or precise job locations of the various members of the Putative Classes do not prevent class or collective treatment.

88.     Rather, the Putative Classes are held together by UHHS's uniform automatic meal break deduction policy that systematically deprived Gless and the Putative Class Members of wages, including overtime pay, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

89.     The Ohio Class Members are similarly denied "straight time" pay for all hours worked when they worked fewer than 40 hours in a workweek.

90.     The Putative Class Members are similarly denied overtime compensation for all overtime hours worked when they work more than 40 hours in a workweek.

91.     The back wages UHHS owes to Gless and the Putative Class Members will be calculated using the same records and using the same formula.

92.     Gless's experiences are therefore typical of the experiences of the Putative Class Members.

93.     Gless has no interests contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

94.     Like each Putative Class Member, Gless has an interest in obtaining the unpaid wages owed under federal and/or state law.

95.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

96. Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries, and UHHS will reap the unjust benefits of violating the FLSA, OMWA, and OPPA.

97. Further, even if some of the Putative Class Members could afford individual litigation against UHHS, it would be unduly burdensome to the judicial system.

98. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

99. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

100. Among the common questions of law and fact are:

a. Whether UHHS engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, OMWA, and/or OPPA;

b. Whether UHHS's automatic meal break deduction policy deprived Gless and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA, OMWA, and/or OPPA;

c. Whether UHHS failed to pay Gless and the Putative Class Members overtime compensation for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA, OMWA, and/or OPPA;

d. Whether UHHS failed to pay Gless and the Ohio Class Members all wages earned, at the rates UHHS agreed to pay them, for all hours worked because

UHHS failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the OPPA;

e.      Whether UHHS knew, or had reason to know, Gless and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA, OMWA, and OPPA;

f.      Whether UHHS's violations of the FLSA, OMWA, and/or OPPA resulted from a continuing course of conduct;

g.      Whether UHHS's decision not to pay Gless and the Putative Class Members overtime compensation for all overtime hours worked was made in good faith;

h.      Whether UHHS's decision not to pay Gless and the Ohio Class Members all wages earned for all hours worked was made in good faith; and

i.      Whether UHHS's violations of the FLSA, OMWA, and/or OPPA were willful.

101.    Gless and the Putative Class Members sustained damages arising out of UHHS's illegal and uniform employment policy.

102.    Gless knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

103.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to UHHS's records, and there is no detraction from the common nucleus of liability facts.

104.    Therefore, the issue of damages does not preclude class or collective treatment.

105. UHHS is liable under the OPPA for failing to pay Gless and the Ohio Class Members "straight time" pay (at their agreed hourly rates) for all hours worked when they worked fewer than 40 hours in a workweek.

106. UHHS is liable under the FLSA, OMWA, and/or OPPA for failing to pay Gless and the Putative Class Members overtime compensation for all overtime hours worked when they worked more than 40 hours in a workweek.

107. Consistent with UHHS's illegal automatic meal break deduction policy, Gless and the Ohio Class Members were not paid "straight time" pay (at their agreed hourly rates) for all hours worked when they work fewer than 40 hours in a workweek.

108. Consistent with UHHS's illegal automatic meal break deduction policy, Gless and the Putative Class Members were not paid overtime compensation for all overtime hours worked when they work more than 40 hours in a workweek.

109. As part of its regular business practices, UHHS intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA, OMWA, and/or OPPA with respect to Gless and the Putative Class Members.

110. UHHS's illegal policies deprived Gless and the Putative Class Members of wages, including overtime compensation, which they are owed under federal and/or state law.

111. There are many similarly situated FLSA Collective Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

112. This notice should be sent to the FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

113.    Those similarly situated employees are known to UHHS, are readily identifiable, and can be located through UHHS's records.

**C<small>OUNT</small> I**
**F<small>AILURE TO</small> P<small>AY</small> O<small>VERTIME</small> W<small>AGES</small> U<small>NDER THE</small> FLSA**
**(FLSA C<small>OLLECTIVE</small>)**

114.    Gless realleges and incorporates all other paragraphs by reference.

115.    Gless brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

116.    UHHS violated, and is violating, the FLSA by failing to pay Gless and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

117.    Throughout the relevant period, UHHS automatically deducted 30 minutes/shift from Gless and the FLSA Collective Members' recorded work time for so-called "meal breaks."

118.    Throughout the relevant period, UHHS expected and required Gless and the FLSA Collective Members to remain on-duty and be available to work during their unpaid meal breaks.

119.    Gless and the FLSA Collective Members have been harmed as a direct and proximate result of UHHS's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UHHS derived a direct and substantial benefit.

120.    UHHS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Gless and the FLSA Collective Members overtime compensation for all overtime hours worked.

121.    UHHS's failure to pay Gless and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

122.     Accordingly, Gless and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

<u>**COUNT II**</u>
**FAILURE TO PAY OVERTIME WAGES UNDER THE OMWA**
**(OHIO CLASS)**

123.     Gless realleges and incorporates all other paragraphs by reference.

124.     Gless brings her claim under the OMWA as a Rule 23 class action.

125.     The conduct alleged violates the OMWA (O.R.C. § 4111.01, *et seq.*).

126.     At all relevant times, UHHS was an "employer" subject to the requirements of the OMWA.

127.     At all relevant times, UHHS employed Gless and the Ohio Class Members as "employees" within the meaning of the OMWA.

128.     The OMWA requires employers, like UHHS, to pay employees overtime compensation at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek. *See* O.R.C. § 4111.03(A).

129.     Gless and the Ohio Class Members are entitled to overtime pay under the OMWA.

130.     UHHS violated, and is violating, the OMWA by failing to pay Gless and the Ohio Class Members overtime compensation for all hours worked in excess of 40 in a workweek. *See* O.R.C. § 4111.03(A).

131.     Specifically, UHHS's automatic meal break deduction policy violates the OMWA because it deprives Gless and the Ohio Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek. *See* O.R.C. § 4111.03(A).

132.     Gless and the Ohio Class Members have been harmed as a direct and proximate result of UHHS's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UHHS derived a direct and substantial benefit.

133.     UHHS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Gless and the Ohio Class Members overtime compensation for all overtime hours worked.

134.     UHHS's failure to pay Gless and the Ohio Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

135.     Accordingly, Gless and the Ohio Class Members are entitled to recover their unpaid overtime compensation, plus liquidated damages in an amount equal to their unpaid compensation, as well as attorney's fees, costs, and expenses. *See* O.R.C. § 4111.10(A).

## COUNT III
### FAILURE TO PAY WAGES UNDER THE OPPA
### (OHIO CLASS)

136.     Gless realleges and incorporates all other paragraphs by reference.

137.     Gless brings her claim under the OPPA as a Rule 23 class action.

138.     The conduct alleged violates the OPPA (O.R.C. § 4113.15).

139.     At all relevant times, UHHS was an "employer" subject to the requirements of the OPPA.

140.     At all relevant times, UHHS employed Gless and the Ohio Class Members as "employees" within the meaning of the OPPA.

141.     The OPPA requires employers, like UHHS, to pay employees, including Gless and the Ohio Class Members, for all time they worked at the rate agreed to by the parties. *See* O.R.C. § 4113.15.

142.    During the course of their employment, UHHS agreed to pay Gless and each Ohio Class Member "wages" – within the meaning of the OPPA – including an hourly rate for all hours they worked under and up to 40 hours in a workweek, as well as an overtime rate (1.5 times regular rate of pay) for all hours they worked in excess of 40 hours in a workweek.

143.    Gless and each Ohio Class Member accepted UHHS's offer.

144.    But during the course of their employment, UHHS failed to pay Gless and the Ohio Class Members wages for all time they worked at the rates UHHS agreed to pay them for the work they performed because UHHS automatically deducted 30 minutes/shift from these employees' recorded hours worked.

145.    UHHS violated, and is violating, the OPPA by failing to pay Gless and the Ohio Class Members all wages earned for all hours worked at the rates UHHS agreed to pay them for the work they performed. *See* O.R.C. § 4113.15(A).

146.    Specifically, UHHS's automatic meal break deduction policy violates the OPPA because it deprives Gless and the Ohio Class Members of pay for all hours worked – including those hours worked during their unpaid "meal breaks" – at the rates UHHS agreed to pay them. *See* O.R.C. § 4113.15(A).

147.    Gless and the Ohio Class Members' unpaid "straight time" and overtime wages have remained unpaid for more than 30 days beyond their regularly scheduled paydays.

148.    Gless and the Ohio Class Members have been harmed as a direct and proximate result of UHHS's unlawful conduct because they have been deprived of wages owed for work that they performed and from which UHHS derived a direct and substantial benefit.

149.     UHHS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Gless and the Ohio Class Members all wages earned for all hours worked at the rates UHHS agreed to pay them.

150.     UHHS's failure to pay Gless and the Ohio Class Members all wages earned for all hours worked was neither reasonable, nor was the decision not to pay these employees all wages earned for all hours worked made in good faith.

151.     Accordingly, Gless and the Ohio Class Members are entitled to recover their unpaid "straight time" and overtime compensation, plus liquidated damages in an amount equal to their unpaid compensation, as well as attorney's fees, costs, and expenses. *See* O.R.C. § 4113.15(B).

## JURY DEMAND

152.     Gless demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Gless, individually and on behalf of the Putative Class Members, seeks the following relief:

a.       An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.       An Order designating this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

c.       An Order appointing Gless and her counsel to represent the interests of the FLSA Collective and Ohio Class;

d.      An Order pursuant to Section 16(b) of the FLSA finding UHHS liable for unpaid overtime wages due to Gless and the FLSA Collective Members, plus liquidated damages in an amount equal to their unpaid compensation;

e.      An Order finding UHHS liable to Gless and the Ohio Class Members for unpaid overtime compensation owed under the OMWA, plus liquidated damages in an amount equal to their unpaid compensation;

f.      An Order finding UHHS liable to Gless and the Ohio Class Members for unpaid "straight time" and overtime wages owed under the OPPA, plus liquidated damages in an amount equal to their unpaid compensation;

g.      Judgment awarding Gless and the Putative Class Members all unpaid compensation and other damages available under the FLSA, OMWA, and OPPA;

h.      An Order awarding attorney's fees, costs, and expenses;

i.      Pre- and post-judgment interest at the highest applicable rates; and

j.      Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Matthew J.P. Coffman
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road, Suite 126
Columbus, Ohio 43220
614-949-1181 – Telephone
614-386-9964 – Facsimile
mcoffman@mcoffmanlegal.com

Michael A. Josephson*
Andrew W. Dunlap*
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
rburch@brucknerburch.com

William C. (Clif) Alexander*
Austin W. Anderson*
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
361-452-1279 – Telephone
361-452-1284 – Facsimile
clif@a2xlaw.com
austin@a2xlaw.com

*Pro hac vice applications forthcoming*

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**

## **JURY DEMAND**

Named Plaintiff requests a trial by jury.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman