IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARLA GLESS, Individually and for Others Similarly Situated, | ) CASE NO. 1:23-CV-00875-JPC |
| | ) |
| | ) JUDGE J. PHILIP CALABRESE |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **BRIEF IN SUPPORT OF** |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., | ) **DEFENDANT'S MOTION TO DISMISS** |
| | ) |
| | ) |
| Defendant. | ) |

## I.     INTRODUCTION

This action arises from Plaintiff Carla Gless's ("Plaintiff") allegations that, due to the nature of her job duties as an Anesthesia Technician, she was not always able to take her full, uninterrupted, 30-minute meal period, but that her employer – which she claims is University Hospitals Health System, Inc. ("University Hospitals")[1] – failed to properly compensate her when she "did not actually receive *bona fide*, non-interrupted meal breaks." (*See* Complaint ("Compl."), ECF No. 1, PageID 1, 4 at ¶¶ 2, 34.) Importantly, Plaintiff does not allege that her not receiving an uninterrupted meal period violates the Fair Labor Standards Act ("FLSA") or Ohio law – it does not. Likewise, Plaintiff does not allege that University Hospital's policy of automatically deducting a 30-minute meal period constitutes a violation of the FLSA or Ohio law – it does not. Rather, Plaintiff contends that University Hospitals failed to properly "ensure" that

---

[1] Plaintiff was employed at Robinson Memorial Hospital which was integrated into the University Hospitals system in 2015. While Robinson Memorial Hospital – which became UH Portage Medical Center – is part of the University Hospitals system, Plaintiff's employer was Robinson Health System, Inc.

she and the other employees she seeks to represent, "were not performing work that UHHS did not want performed during their unpaid 'meal breaks.'" (*Id*., PageID 7 at ¶ 55.)

Based solely on those allegations, Plaintiff's Count I seeks to bring a broad FLSA collective action covering *all* hourly, non-exempt employees of University Hospitals who had an automatic lunch deduction at any time in the past three years – a policy that, again, is legal under federal and Ohio law. (*Id*., PageID 3 at ¶ 22.) She also asserts two Ohio law class action claims based on those same allegations. (*Id*., PageID 16-19 at ¶¶ 123-151.) Plaintiff seeks to assert each of these claims regardless of each purported class member's work location, position, job duties, or supervisor, or how meal break policies may be implemented at the facilities where they work.

Irrespective of the tenuous basis for Plaintiff's allegations, Plaintiff's factual allegations in support of her claims are woefully inadequate and the legal underpinning of her state law claims is fundamentally flawed – the result of which is that all of Plaintiff's claims should be dismissed. First, other than making conclusory assertions that she was required to perform "unpaid work" or was interrupted with "work duties" during her meal breaks, Plaintiff's Complaint contains no factual assertions that explain what, exactly, Plaintiff was required to do or whether those activities were, in fact, compensable. (*Id*., PageID 16-19 at ¶¶ 123-151.) Because Plaintiff has failed to do so, she has not satisfied the pleading standard of Rule 8 with respect to any of her claims, and Plaintiff's Complaint should be dismissed under Rule 12(b)(6).

Even setting aside the factual deficiencies of her Complaint, Plaintiff's state law class action claims cannot survive an added fatal flaw. First, Plaintiff seeks to bring her Count II claim under Section 4111.03 of the Ohio Revised Code (the "Ohio Wage Act") as a Rule 23 class action. (Compl., ECF No. 1, PageID 16-17.) However, Plaintiff disregards that less than a year ago, Ohio law changed to prevent her from doing so. Specifically, as of July 6, 2022, the Ohio

Wage Act was amended to expressly require that those claims be brought as *opt-in* collective actions, rather than *opt-out* Rule 23 class actions. As such, Plaintiff's attempt to supersede the substantive rights conferred under the new Ohio law through the application of the purely procedural federal Rule 23 violates the Rules Enabling Act. Therefore, Plaintiff cannot pursue her Count II as a Rule 23 class action, and that claim must be dismissed.

Similarly, Plaintiff ignores that the Ohio Prompt Pay Act ("OPPA"), upon which she bases her Count III class action claim, only provides for recovery tied to unpaid wages which are not in dispute. Here, Plaintiff alleges no amount of unpaid wages which are not included in those wages central to the dispute in this litigation. Moreover, as Plaintiff's OPPA claim is dependent on her other wage claims, her asserting that claim under Rule 23 is an equally inappropriate attempt to evade Ohio's recent changes to its law to expressly require that wage claims be limited to opt-in collective actions. Accordingly, Plaintiff's Count III should also be dismissed.

## II.   BACKGROUND

### A.   University Hospitals operations and Plaintiff's employment.

As Plaintiff alleges, University Hospitals is an Ohio corporation with its headquarters in Cleveland, Ohio. (Compl., ECF No. 1, PageID 2 at ¶ 12.) Plaintiff alleges that University Hospitals provides healthcare services through a network of 21 hospitals, 50 health centers and outpatient facilities, and over 200 physician offices across 16 counties in Ohio, including the facility in Ravenna, Ohio where she worked until October 2022. (*Id*., PageID 2, 5 at ¶¶ 14, 37.)

### B.   Plaintiff's alleged class claims.

Each of Plaintiff's three causes of action rest on the same core allegations. Plaintiff alleges that University Hospitals "failed to exercise its duty to ensure" that Plaintiff and other purportedly similarly situated employees "were not performing work that UHHS did not want performed during their unpaid 'meal breaks'" and, therefore, University Hospitals failed to

properly pay Plaintiff and those individuals "for the compensable work they performed during their 'meal breaks.'" (Compl., ECF No. 1, PageID 7 at ¶¶ 55-56.) Again, Plaintiff does not – and cannot – allege that the FLSA requires University Hospitals to provide uninterrupted meal breaks or that its policy of deducting a 30-minute meal break violates the FLSA.

Based on those allegations, Plaintiff asserts three causes of action – a federal FLSA collective action and two Rule 23 class actions under Ohio law. Plaintiff asserts her Count I FLSA collective action seeking unpaid overtime, liquidated damages, and attorneys' fees on behalf of a broad class of employees across Ohio without regard to their location or position. (*Id*., PageID 3, 16 at ¶¶ 22, 122.) Specifically, Plaintiff defines her FLSA collective action as:

> All hourly, non-exempt UHHS employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective"). (*Id*., PageID 3 at ¶ 22.)

Plaintiff's two state law class action claims rest on those same allegations. Plaintiff's Count II seeks recovery of unpaid overtime, liquidated damages, and attorneys' fees under the Ohio Wage Act. (*Id*., PageID 17 at ¶ 135.) Importantly, Plaintiff seeks to bring this claim under the Ohio Wage Act under Rule 23 of the Federal Rules of Civil Procedure on behalf of:

> All hourly, non-exempt UHHS employees who received an automatic meal period deduction while working in Ohio at any time during the past 2 years ("Ohio Class Members" or "Ohio Class"). (*Id*., PageID 3 at ¶ 24.)

However, as of July 6, 2022, Ohio amended the Ohio Wage Act to specifically prohibit class actions. Now, the Ohio Wage Act expressly provides that "[n]o employee shall join as a party plaintiff in any civil action that is brought under this section by an employee, person acting on behalf of an employee, or person acting on behalf of all similarly situated employees *unless that employee first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought*." (Ohio Rev. Code § 4111.10(C) (emphasis added).)

Finally, Plaintiff also asserts her Count III claim under the Ohio Prompt Pay Act as a Rule 23 class action on behalf of the same class of individuals as her Ohio Wage Act claims. (Compl., ECF No. 1, PageID 3 at ¶ 24.) The Ohio Prompt Pay Act requires employers within Ohio to timely pay employees all wages earned at least semi-monthly and provides for recovery and penalties for failure to do so. (*See* Ohio Rev. Code § 4113.15.) Importantly, the Ohio Prompt Pay Act does not apply to unpaid wages that are subject to "contest, court order or dispute." (*Id.* at § 4113.15(C).) And, the derivative nature of claims under Ohio's Prompt Pay Act means that Plaintiff's claim is dependent on the outcome of her other wage claims – neither of which can proceed as Rule 23 class actions.

### III. LAW AND ARGUMENT

#### A. Plaintiff fails to allege sufficient facts that the purported work she performed during unpaid meal breaks was compensable under the FLSA and Ohio law.

It is well established that a complaint that relies upon only conclusory allegations will not survive scrutiny under Rule 12(b)(6). Rather, to avoid dismissal, a complaint must satisfy the pleading standard of Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see J.M. Smucker Co. v. Hormel Food Corp.*, 526 F. Supp. 3d 294, 307 (N.D. Ohio 2021). That standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do." *Id.* Rather, a complaint "must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* at 678, 679 (citing *Twombly*, 550 U.S. at 570.)

FLSA collective actions are not immune from the Rule 8 pleading standard. Rather, where a plaintiff alleges that an employer has failed to pay for compensable time, Rule 8 requires

5

the complaint "contain facts that show she is entitled to compensation" for the activities that are the basis of the claims. *Forrester v. Am. Sec. & Prot. Serv. LLC*, No. 21-5870, 2022 WL 1514905, at *1 (6th Cir. May 13, 2022). The reason is simple. Those activities may not be compensable if they are not "integral and indispensable" to the employee's job or if the time spent on the activity is *de minimis*. *See e.g., Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33 (2014); *Hill v. United States*, 751 F.2d 810, 815 (6th Cir. 1984). Therefore, in order to survive a Rule 12(b)(6) motion, a complaint alleging that an employer failed to pay for time spent on compensable activities must contain sufficient factual matter to show that those activities were, in fact, compensable. *See Forrester*, 2022 WL 1514905 at *3.

Several cases illustrate this point. For example, the Sixth Circuit explained in *Hill v. United States*, 751 F.2d 810, 815 (6th Cir. 1984) that a plaintiff is not entitled to compensation if any interruptions to lunch periods are *de minimis* – "occasional," "infrequent," or concern small amounts of time. *Hill v. United States*, 751 F.2d 810, 815 (6th Cir. 1984). Likewise, in *Forrester*, the plaintiff claimed that activities performed by security guards during shift changes – "pass down" time – was compensable. 2022 WL 1514905 at *2-3. However, the Sixth Circuit affirmed the district court's dismissal of the plaintiff's claim, noting that the complaint offered no factual assertions that would allow a court to ascertain whether pass down time was "intrinsic" to the security guards' principal activities and, therefore, actually compensable time. *Id*. at *2 (explaining that the complaint failed to "provide any information about what 'pass down' entailed, let alone facts that could help determine whether those duties were an 'intrinsic element'" of the plaintiff's job duties.) Similarly, in *Geeo v. Bonded Filter Co., LLC*, No. 3:22-CV-00359, 2022 WL 17408639 (M.D. Tenn. Dec. 2, 2022), the district court dismissed the plaintiff's claim that his employer violated the FLSA by failing to pay for travel time because the

6

plaintiff merely alleged that he "engaged in 'compensable commute time' for which he was not paid," but other than those "conclusory legal assertions," the plaintiff offered no "actual facts ... to establish what the plaintiff's actual principal activities consisted of or how this commute time fell within the scope of such activities" and were, therefore, compensable. *Id.* at *3-4.

Here, Plaintiff's Complaint suffers from the same infirmities. While Plaintiff contends that she and the purported class members "were performing unpaid work" or were "interrupted or subject to interruptions with work duties" during meal periods, she provides no details regarding what "work" or "duties" she actually performed, the scope of those purported interruptions, or any other support for why they were compensable. (Compl., ECF No. 1, PageID 7 at ¶ 53.) Instead, she relies on nothing more than these conclusory assertions. Absent those details, the Complaint does not satisfy Rule 8(a)(2) and, thus, is insufficient to state a claim for relief under the FLSA. Accordingly, Plaintiff's FLSA claims should be dismissed.

Those same deficiencies are also fatal to Plaintiff's Ohio class claims. Where a task is not compensable under the FLSA, it is not compensable under Ohio law. *See Thomas v. Amazon.com Servs., Inc.*, 462 F. Supp. 3d 828, 835 (N.D. Ohio 2020) (applying *Busk* to overtime claims under Ohio law). This is because the Ohio Wage Act expressly adopts "the manner and methods provided in and subject to" the FLSA, which governs the payment of overtime. *See* Ohio Rev. Code § 4111.03(A); 29 U.S.C. § 207. Accordingly, claims under the FLSA and the Ohio Wage Act are "evaluated together." *Craig v. Bridge Bros. Trucking LLC*, 823 F.3d 382, n.1 (6th Cir. 2016); *see Douglas v. Argo-Tech Corp.*, 113 F.3d 67, n.2 (6th Cir. 1997) (interpreting the FLSA and Ohio laws "in a unitary fashion" because the statutes "parallel[]" each other). Likewise, courts interpret claims under the OPPA "in tandem with the FLSA and in a unitary fashion." *Harrington v. Plehn-Dujowich*, No. 1:21-cv-00960-PAB, 2022 WL 462815, at *7 (N.D. Ohio

Feb. 15, 2022) (quoting *Stang v. Paycor, Inc.*, 582 F. Supp. 3d 563, 567 (S.D. Ohio 2022)). Therefore, those same deficiencies detailed above with respect to Plaintiff's FLSA claim, equally doom her Ohio law claims, so they too must be dismissed under Rule 12(b)(6).

### B. This Court should dismiss Plaintiff's Rule 23 class action claim under the Ohio Wage Act (Count II) as improperly pleaded.

As outlined above, Plaintiff seeks to bring her Count II Ohio Wage Act claims as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure. (Compl., ECF No. 1, PageID 3 at ¶ 23.) Plaintiff asserts her Ohio Wage Act claims under Rule 23 despite the fact that, just last July, the Ohio Wage Act was amended to specifically preclude any employee seeking to join a civil action under that state law unless the employee "first gives written consent to become such a party plaintiff and that consent is filed with the court in which the action is brought." *See* Ohio Rev. Code § 4111.10(C). Therefore, application of Rule 23 over the Ohio Wage Act's express rejection of class actions (while permitting collective actions) – as Plaintiff has pleaded her claim – would violate the Rules Enabling Act, so her Count II must be dismissed.

#### 1. The Rules Enabling Act prohibits application of Rule 23 when it will displace state law rights and remedies.

While ordinarily courts will apply federal procedural rules to state law claims before them, there are limits to that general precept. The Rules Enabling Act provides that a federal rule may not "abridge, enlarge, or modify any substantive right" under state law. 28 U.S.C. § 2072(b). Consequently, if the application of a federal rule to a state law claim would have such a result, then even if the state law appears merely procedural in the traditional sense, it will override the federal procedural rule. Such is the case here.

In *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010), the Supreme Court tackled the complex issue of whether a New York state law that prohibited the use of class actions with respect to *any and all* claims in which a penalty was sought applied to

8

bar a case filed as a Rule 23 class action in federal court. *Id*. at 416. The plaintiffs in *Shady Grove* argued that federal Rule 23 should apply regardless of the state law precluding class actions, so long as plaintiffs were able to satisfy Rule 23's requirements. *Id*. at 397. A majority of the Supreme Court agreed on only one narrow point, holding that Rule 23 superseded the New York statute in that case, but the Justices issued several conflicting opinions as to why, including Justices Scalia and Stevens issuing separate opinions articulating differing tests for determining when a state law is merely procedural or when the application of Rule 23 over a state law, even one that appears procedural in the traditional sense, would violate the Rules Enabling Act.

Justice Scalia took a limited view of the Rules Enabling Act, articulating a test that focuses on the substantive or procedural nature of the Federal Rule. Justice Stevens' concurrence articulated a different test, stressing that the "federal rules cannot displace a State's definition of its own rights or remedies." *Id*. at 407, 418. Specifically, under Justice Stevens' test, a federal rule "cannot govern a particular case in which the rule would displace a state law that is procedural in the ordinary use of the term but is so intertwined with a state right or remedy that it functions to define the scope of the state-created right." *Id*. at 423. Therefore, anytime that a state rule is "sufficiently interwoven with the scope of a substantive right or remedy, there would be an Enabling Act problem, and the federal rule would have to give way." *Id*. at 429 (quoting *S. A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist*., 60 F.3d 305, 310 (7th Cir. 1995).

Since the Supreme Court's decision in *Shady Grove*, the majority of courts, including the Sixth Circuit, have adopted Justice Stevens' concurring opinion as controlling, largely based on the Supreme Court's prior decision in *Marks v. United States*, 430 U.S. 188, 192 (1977), holding that when no view of the Supreme Court achieves a majority, the Court's holding is the position taken by those who concurred "on the narrowest grounds." *See e.g. Whitlock v. FSL Mgmt., LLC*,

9

843 F.3d 1084, 1091 & n.2 (6th Cir. 2016) ("As Justice Stevens's opinion is the narrowest in support of the judgment, it technically controls."); *Albright v. Christensen*, 24 F.4th 1039, 1045 (6th Cir. 2022) ("Justice Stevens's concurrence in *Shady Grove* controls the test governing the REA."); *Kline v. Mortg. Elec. Sec. Sys.*, No. 3:08CV408, 2010 WL 6298271, at *3 (S.D. Ohio Dec. 30, 2010) ("Courts within this Circuit attempting to apply the *Shady Grove* decision apparently have concluded unanimously 'that Justice Stevens' concurrence ... is the controlling opinion by which [they are] bound.'"); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1217 (10th Cir. 2011) ("Justice Stevens concurred, and the Tenth Circuit has understood his concurrence to be the controlling opinion."); *Leonard v. Abbott Labs., Inc.*, No. 10–CV–4676(ADS)(WDW), 2012 WL 764199, at *12 (E.D.N.Y. Mar. 5, 2012) ("[T]he Court agrees with the majority of district and circuit courts that have found Justice Stevens' concurring opinion was on the 'narrowest ground' and therefore is the controlling opinion.").

### 2. Application of Rule 23 over the Ohio Wage Act's express opt-in requirement would violate the Rules Enabling Act.

When applying Justice Stevens' test to "determining whether a state law is so 'intertwined with a state right or remedy that it functions to define the scope of the state-created right,' courts look to whether 'the limiting provision is found within the text of a state statute that confers a substantive right and applies only to cases brought under the statute.'" *Davenport v. Charter Commc'ns, LLC*, 35 F. Supp. 3d 1040, 1051 (E.D. Mo. 2014); *see also Bearden v. Honeywell Int'l Inc.*, No. 3:09-1035, 2010 WL 3239285, at *10 (M.D. Tenn. Aug. 16, 2010) (striking class allegations where "[t]he very statutory provision that authorizes a private right of action for a violation of the [Tennessee Consumer Protection Act] limits such claims to those brought 'individually.'"); *Phillips v. Philip Morris Companies Inc.*, 290 F.R.D. 476, 481 (N.D. Ohio 2013) ("Following *Shady Grove*, courts have looked to whether the state law in question

applies to all claims, or whether its reach is limited to certain claims, as an indication of whether it substantially impacts state substantive rights."). That is precisely the case here. Here, since the recent change in Ohio law, the Ohio Wage Act now limits actions brought under the Act to only those who affirmatively opt in – a requirement that is expressly contained within the Act itself and limited to only claims brought under the Act. *See* Ohio Rev. Code § 4111.10(C).

In similar cases involving state wage and hour laws, including those with express opt-in requirements, courts have determined that those provisions sufficiently confer substantive rights such that the application of Rule 23 would violate the Rules Enabling Act. For example, in *Driscoll v. George Washington University*, No. 12–0690, 2012 WL 3900716 (D.D.C. Sept. 10, 2012), the court explained that the express opt-in requirement in the statute in that case "provides that employees' claims can only be litigated where the employees have affirmed their intent to be bound, and it establishes that employers have a right not to be sued in representative actions absent each plaintiff employee's consent." *Id*. at *7. As such, the court reasoned that, while the opt-in requirement in the state statute "may be 'undeniably procedural' in the ordinary sense of the term, it 'exist[s] to influence substantive outcomes.'" *Id*. at *62. Accordingly, the court held that "the DCMWA's opt-in mechanism confers substantive rights such that application of Rule 23 in these circumstances would violate the Rules Enabling Act." *Id*. Similarly, in *Harris v. Reliable Reps. Inc.*, No. 1:13-CV-210 JVB, 2014 WL 931070 (N.D. Ind. Mar. 10, 2014), the district court dismissed a state law wage and hour claims asserted under Rule 23, holding that the opt-in requirements of Indiana's state wage and hour laws "are part of the statutes that created the underlying substantive rights" and are so intertwined with the rights created by these statutes that they "define the scope of the state-created right[s]." *Id*. at *7-8. Such is the case here.

11

Moreover, the Sixth Circuit just last month explained the substantive, rather than procedural, differences between a Rule 23 class action and an opt-in collective action. In *Clark v. A&L Homecare & Training Ctr.*, No. 22-3101 (6th Cir. May 19, 2023), the court stressed how "class actions under Rule 23 'are fundamentally different from collective actions'" like those under the FLSA and the Ohio Wage Act. *Id*. at 5 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013)). Unlike Rule 23 class actions, opt-in collective actions are "not representative," meaning that individuals must "affirmatively choose" to participate. *Id*. As a result, unlike Rule 23 class members, opt-in plaintiffs become parties with "the *same status* in relation to the claims of the lawsuit as do the named plaintiffs." *Id*. (emphasis added.) Therefore, the opt-in requirement under the revised Ohio Wage Act fundamentally changes the status of the individuals who choose to participate – a substantive, rather than procedural, aspect.

Here, despite the recent change in Ohio law to confer those new substantive rights, Plaintiff has pleaded her Count II Ohio Wage Act claim as a Rule 23 class action in conflict with that new opt-in requirement and the rights it confers. Therefore, Plaintiff's Count II Ohio Wage Act claim improperly seeks to have Rule 23 override Ohio law's substantive rights and remedies in violation of the Rules Enabling Act and must be dismissed.

    **C.**    **Plaintiff's OPPA claim (Count III) fails to allege any ground for relief that does not fail along with her other claim and should be dismissed.**

Plaintiff's third cause of action to recover damages on account of University Hospital's purported untimely payment of wages under the OPPA fails because Plaintiff does not — and cannot — allege any wages which are not in dispute to support her claim.

The purpose of the OPPA is to establish the deadlines by which employers in Ohio are to make regular and timely payment of wages to employees. Specifically, Section 4113.15(A) of the Ohio Revised Code provides that employers must pay employees all earned wages by the

12

first day of a given month for all wages earned in the first half of the preceding month, and by the fifteenth day of a given month for all wages earned in the second half of the preceding month. Central to Plaintiff's claim in this case, Subsection (B) of that same provision provides:

> Where wages remain unpaid for thirty days beyond the regularly scheduled payday … *and no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment*, the employer, in addition, as liquidated damages, is liable to the employee in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater. Ohio Rev. Code § 4113.15(B) (emphasis added).

In sum, Section 4113.15(B) entitles an employee to recovery, but only if "no contest court order or dispute of any wage claim including the assertion of a counterclaim exists accounting for nonpayment." *Id*.

Courts interpreting the OPPA have held that a legitimate dispute over whether the alleged unpaid wages are in fact owed precludes recovery under the OPPA. *See e.g. Terry v. Pro-Mark Contracting, LLC*, No. 1:14 CV 2542, 2016 WL 3421399, at *6 (N.D. Ohio June 22, 2016) ("The Prompt Pay Act, O.R.C. § 4113.15, does not apply to disputed wages."); *Lower v. Elec. Data Sys. Corp.*, 494 F. Supp. 2d 770, 775 (S.D. Ohio 2007) ("Even if the bonus to which Plaintiff believes he is entitled is properly considered part of his wages, the fact of his entitlement thereto is very much in dispute, and therefore outside the scope of § 4113.15."); *Haines & Company, Inc. v. Stewart*, 2 No. 2000CA00138, 001 WL 166465, at *3 (Ohio Ct. App. Feb. 5, 2001) ("The trial court found, and we agree, that this case constituted a contest over a wage claim, and accordingly, R.C. 4113.15, the Prompt Pay Act, does not apply to this case."); *Brown v. Fukuvi USA Inc.*, 2022-Ohio-1608, No. 29294, 2022 WL 1514910, at *15 (Ohio Ct. App. May 13, 2022) (explaining that under the OPPA, "recovery, including the right to liquidated damages, depends on whether lack of a legitimate dispute exists as to the wages in question."); *Dellarussiani v. Ed Donnelly Enterprises, Inc.*, No. 2:07-CV-00253, 2007 WL

13

3025340, at *13 (S.D. Ohio Oct. 15, 2007), *aff'd sub nom. O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009) ("The foregoing evidence demonstrates a reasonable basis upon which Defendants have disputed each of the plaintiffs' claims, and those disputes account for the nonpayment. Because of these 'actual disputes,' O.R.C. § 4113.15 is inapplicable as a matter of law, and Defendants are entitled to summary judgment.")

Here, Plaintiff's OPPA claim (Count III) rests on the same allegations as her FLSA claim (Count I) and her Ohio Wage Act claim (Count II). The core of Plaintiff's allegations for all of her claims is that University Hospitals failed to properly pay for time worked during missed or interrupted meal breaks and, therefore, denied her and the members of her proposed FLSA collective action and Rule 23 class action wages to which they were entitled. (Compl., ECF No. 1, PageID 6-9 at ¶¶ 33-50.) Hence, the very nature of Plaintiff's claims demonstrate that the only wages which purportedly went unpaid to Plaintiff and the collective and class members are the same wages at the center of this litigation – wages which are presently in dispute. *See Sutka v. Yazaki N. Am. Inc.*, 256 F. Supp. 3d 677, 683 (E.D. Mich. 2017) ("Plaintiff's allegations in this case establish the existence of a dispute 'accounting for nonpayment' under the OPPA .... In this way, the Complaint facially demonstrates the existence of a 'dispute accounting for nonpayment ....'") Accordingly, Plaintiff's OPPA claim should be dismissed. *See id.* (granting motion to dismiss OPPA claim when wages were in dispute.)

Moreover, the fact that there are no wages at issue that are not subject to dispute under Plaintiff's other wage claims highlights another failing of Plaintiff's OPPA claim and a second ground for dismissal. The OPPA is a derivative claim that "rises and falls with [a plaintiff's] FLSA and Ohio overtime claims." *Craig v. Bridges Bros. Trucking LLC*, 823 F.3d 382, 385 at fn. 1 (6th Cir. 2016). As such, an employee only has a viable cause of action under the OPPA

14

with respect to "wages *due under another law* but not timely paid under the Prompt Pay Act." *Est. of McConnell v. EUBA Corp.*, No. 3:18-CV-00355, 2021 WL 1966062, at *2 (S.D. Ohio May 17, 2021) (emphasis added). Accordingly, whether there are any wages that Plaintiff could reasonably claim entitle her to relief under the OPPA rests entirely on the outcome of her other claims. And, as detailed above, those claims are expressly limited to opt-in collective actions and cannot proceed under Rule 23's opt-out procedure. Yet here, Plaintiff has asserted her OPPA claim as a Rule 23 class action. By doing so, Plaintiff is essentially attempting to use an outcome-determinate claim – her OPPA claim – to circumvent Justice Stevens' analysis in *Shady Grove*, the Rules Enabling Act, and the numerous courts that have applied those limits in the wage and hour context – all of which dictate that Plaintiff's attempt to do so must fail. Accordingly, as Plaintiff's OPPA claim "rises and falls" with her other claims, her attempt to plead her OPPA claim as a Rule 23 class action also must fail.

## IV. CONCLUSION

For each of the reasons detailed above, Plaintiff's claims fail on multiple levels as a matter of law. Therefore, University Hospitals requests this Court grant its Motion to Dismiss.

    Respectfully submitted,

    */s/ Christine M. Snyder*
    Christine M. Snyder (0086788)
    Melissa Z. Kelly (0077441)
    Ariana E. Bernard (0100001)
    TUCKER ELLIS LLP
    950 Main Avenue—Suite 1100
    Cleveland, OH  44113-7213
    Telephone:   216.592.5000
    Facsimile:     216.592.5009
    Email:          christine.snyder@tuckerellis.com
                  melissa.kelly@tuckerellis.com
                  ariana.bernard@tuckerellis.com

    *Attorneys for Defendant*
    *University Hospitals Health System, Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically on June 9, 2023. Service of this filing is made pursuant to Fed. R. Civ. P. 5(b)(2)(E) by operation of the Court's electronic filing system upon all counsel of record.

                                          */s/ Christine M. Snyder*
                                          Christine M. Snyder (0086788)
                                          *One of the Attorneys for Defendant*
                                          *University Hospitals Health System, Inc.*